IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSHUA DAVID WILSON                                                    PLAINTIFF

v.                                  Civil No. 5:20-cv-05146

DEPUTY BRIDENSTINE; JAILER
RAEVE KOEHLER; SERGEANT STAMPS;
LIEUTENANT BANTA; LIEUTENANT ROSS;
DEPUTY SKAGGS; NURSE KARA; NURSE
MICHAEL; and JOHN DOE DEPUTIES                        DEFENDANTS

## **MEMORANDUM OPINION AND ORDER**

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### **I. BACKGROUND**

Plaintiff filed his original Complaint on August 10, 2020. (ECF No. 1). Also on August 10, 2020, the Court granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and directed the Plaintiff to file an Amended Complaint by August 31, 2020. (ECF No. 3, 6). The Court's Order states:

> Plaintiff has named multiple individuals as Defendants. However, he does not state with respect to each Defendant what actions or inaction he or she personally took that violated Plaintiff's constitutional rights.
> . . . .
> In the Amended Complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff

>suffered because of that Defendant's conduct. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976); Fed. R. Civ. P. 8. Plaintiff must repeat this process for each person he has named as a Defendant.
>
>Plaintiff is **CAUTIONED** that he must **affirmatively link the conduct of each named Defendant with the specific injury he suffered. If he fails to do, the allegations against that Defendant will be dismissed for failure to state a claim**.

(ECF No. 6).

Plaintiff's Amended Complaint was filed on August 24, 2020.  (ECF No. 7).  Plaintiff states three causes of action, all concerning incidents occurring on July 31, 2020.  Plaintiff's first claim is for excessive force and is stated against Defendants Bridenstine and Deputy Koehler, in both personal and official capacities.   Plaintiff states the Defendants "slammed me face first into concrete reinforced steel door frame 2 times . . . . [t]hen slammed me into the opposite side of the door frame 2 more times . . . . [t]hen told me to get on my knees. Before I could comply I was slammed to the ground with both guards on top of me and I was (my head) slammed into the concrete floor once more."  (ECF No. 7 at 5).  Plaintiff states that his "left arm felt broken and was badly swollen.  Also my right cheek bone was very swollen." *Id*.  Plaintiff states that he asked for x-rays from Nurse Kara, then states "I was checked by the nurse and given 1 tylenol and a bag of ice.  No other medical attention was given although it was requested." *Id*.   With respect to his official capacity claims, Plaintiff was asked to describe the custom or policy that he believes caused a violation of his constitutional rights.  Plaintiff states: "Guards are taught to use force when verbal commands not immediately obeyed.  They use any excuse to use force out of frustration.  I have been hurt bad on several occasions due to guards abusing their authority."  (ECF No. 7 at 6).

Plaintiff's second cause of action is for denial of medical care and is stated against "Nurse Kara, Nurse Michael, Lt. Ross, Lt. Banta, Sgt. Stamps, ultimately Sheriff Holloway."  Plaintiff names the defendants in both their personal and official capacities.  Plaintiff states:  "I informed all staff of Jail available to me of my medical conditions including having a .22 LR bullet lodged

in my brain.  I have since had bad headaches and dizziness.  I asked for x-rays or MRI.  I was given a Tylenol 500 mg."  (ECF No. 7 at 6).  With respect to his official capacity claims, Plaintiff was asked to describe the custom or policy that he believes caused a violation of his constitutional rights.  Plaintiff states:  "I believe the nursing staff is pressured into doing very little for inmates.  Also H.I.P.P.A. laws are not adhered to.  All medical treatment is done with several witnesses."  (ECF No. 7 at 7).

Plaintiff's third cause of action is for "[r]efusal of medical treatment (ICE)."  (ECF No. 7 at 7).  He names as Defendants "all previously listed." *Id*.  Plaintiff states:  "I was refused a second bag of ice.  The first bag only lasted 10 minutes." *Id*.  With respect to his official capacity claims, Plaintiff was asked to describe the custom or policy that he believes caused a violation of his constitutional rights.  Plaintiff states:  "Nurses are encouraged to not assist inmates."  (ECF No. 7 at 8).

Plaintiff seeks both compensatory and punitive damages.  Specifically, Plaintiff seeks $5,000,000.00.  (ECF No. 7 at 8).  Plaintiff states:  "I believe this facility gets away with mistreating prisoners all the time.  This is not my first time being beaten up." *Id*.

## II.  APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued.  The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

3

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

As set forth above, Plaintiff was given the opportunity to amend his Complaint, and was explicitly directed to "write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what the Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct." (ECF No. 6). Plaintiff was advised that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered. He was further advised that if he failed to do so, the allegations against that Defendant would be dismissed for failure to state a claim. *Id*.

Although Plaintiff has sufficiently set forth claims for excessive force against Defendants Bridenstine and Koehler and a claim for deliberate indifference to medical care with respect Defendant Nurse Kara, Plaintiff has failed to state any facts to link the remaining Defendants to any claim. As set forth above, even a *pro se* Plaintiff must allege specific facts to support a claim. *Martin*, 780 F.2d at 1337. Plaintiff has therefore failed to state a plausible claim against Defendants Nurse Michael, Lt. Ross, Lt. Banta, Sgt. Stamps, and Sheriff Holloway and his Amended Complaint should be dismissed with respect to those Defendants.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE with respect to all claims against Defendants Nurse Michael, Lt. Ross, Lt. Banta, Sgt. Stamps, and Sheriff Holloway.**  Plaintiff's claim of excessive force against Defendants Bridenstine and Koehler and Plaintiff's claim for deliberate indifference to medical care with respect Defendant Nurse Kara remain.  Service will be ordered by a separate order of the Court.

**IT IS SO ORDERED** this 23rd day of September 2020.

/s/ *P. K. Holmes, III*
HON. P. K. HOLMES, III
UNITED STATES DISTRICT JUDGE